(June 30, 2004)

■ In the Matter of J. MICHAEL BOXLEY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [780 NYS2d 37]—

Per Curiam. Respondent was admitted to practice by this Court in 1987. He resides in the City of Albany.

Having granted a motion by petitioner for an order declaring

that no factual issues are raised by the pleadings and having heard respondent in mitigation, we now find respondent guilty of the following professional misconduct. As set forth in specification 1 of the single charge of the petition, respondent engaged in illegal conduct that adversely reflected on his fitness as a lawyer in violation of this Court's attorney disciplinary rules (*see* Code of Professional Responsibility DR 1-102 [a] [3], [7] [22 NYCRR 1200.3 (a) (3), (7)]). Specifically, on December 22, 2003, respondent pleaded guilty to and was convicted of one count of sexual misconduct, a class A misdemeanor (*see* Penal Law § 130.20) in Supreme Court in Albany County. Respondent stated under oath that he had sexual intercourse with an adult female without her consent. On February 23, 2004, respondent was sentenced to six years' probation, a $1,000 fine, and is required to report and register as a sexual offender under the Sex Offender Registration Act.

We find respondent not guilty of specification 2 of the charge alleging that he submitted a written statement to petitioner which contradicted his plea. Respondent submitted a subsequent clarifying statement in which he fully accepted responsibility for his conduct, but the clarifying statement was inadvertently not provided to petitioner before it filed the petition of charges.

In mitigation of his misconduct, respondent cites the aberrational nature of his offense, the stigma of his criminal conviction and the attendant adverse publicity, his loss of employment, and his heretofore unblemished personal and professional record. He has submitted a number of laudatory letters by colleagues and others which support the mitigating circumstances he offers.

We conclude that respondent should be suspended from practice for a period of one year to deter similar misconduct and to preserve the reputation of the bar. Respondent failed to act in accordance with the high standards imposed upon members of the bar and his misconduct reflects adversely on his fitness as a lawyer and upon the legal profession.

Mercure, J.P., Crew III, Spain, Rose and Kane, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth in the petition only insofar as specification 1 of Charge I alleges that respondent engaged in illegal conduct that adversely reflects on his fitness as an attorney in violation of DR 1-102 (a) (3) and (7) (22 NYCRR 1200.3 [a] [3], [7]); respondent is found not guilty of specification 2, and not guilty of Charge I insofar as it alleged a violation of DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]); and it is further ordered that respondent is suspended from the practice of law for a period of

one year and until further order of this Court, effective immediately; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).